IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LATOYA WHITE, | * | |
| | * | |
| *Plaintiff,* | * | |
| | * | |
| v. | * | Case No.: 1:22-cv-00671-MJM |
| | * | |
| UNIVERSITY OF MARYLAND MEDICAL CENTER, | * | |
| | * | |
| *Defendant.* | * | |

**MEMORANDUM IN SUPPORT OF DEFENDANT
UNIVERSITY OF MARYLAND MEDICAL CENTER'S MOTION TO DISMISS**

Defendant, University of Maryland Medical Center ("Defendant" or "UMMC"), submits this Memorandum in support of its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dismissal is warranted because Plaintiff's Complaint was filed prior to the statutorily mandated 180-day period set forth in 42 U.S.C. § 2000e-5(f)(1), and thus, is premature.  As set forth in more detail below, the applicable statutory framework unambiguously requires the Equal Employment Opportunity Commission ("EEOC") to investigate each charge of discrimination and retain exclusive jurisdiction over charges of discrimination for 180-days absent certain administrative events such as the agency's dismissal, conciliation, or filing of a suit.  *See, e.g.*, *Martini v. Fed. Nat'l Mortg. Ass'n*, 178 F. 3d 1336 (D.C. Cir. 1999).  Accordingly, Plaintiff's Complaint should be dismissed, without prejudice, and remanded to the EEOC for further administrative proceedings.

    **I.**       **RELEVANT FACTS**

On December 20, 2021, Plaintiff filed a Charge of Discrimination with the EEOC against her current employer, UMMC, alleging discrimination based on race, color, sex, and disability.

*See* December 20, 2021 Charge of Discrimination (the "Charge"), attached as **Exhibit 1**[1]; *see also* Compl. at ¶ 6.  On December 22, 2021, the EEOC issued a Notice of Charge of Discrimination to Defendant.  *See* December 22, 2021 Notice of Charge of Discrimination, attached as **Exhibit 2**.[2]  On the same date, at Plaintiff's request, the EEOC issued a "Notice of Right to Sue (Issued on Request)" to Plaintiff.  *See* December 22, 2021 Notice of Right to Sue ("Notice of Right to Sue"), attached as **Exhibit 3**[3]; *see also* Compl. at ¶ 7.  The Notice of Right to Sue provided the following notice to Plaintiff:

> Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.
>
> The EEOC is terminating its processing of this charge.

Ex. 3.

Plaintiff received the Notice of Right to Sue on December 23, 2021.  Compl. at ¶ 7.  Plaintiff then filed the instant Complaint on March 18, 2022.  *See* Compl.

## II.   LEGAL STANDARD

"To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to 'state a claim to relief that is plausible on its face.'"  *Rowlette v. Lifebridge Health*,

---

[1]   While a court is generally limited to allegations contained in the complaint, courts may also consider documents explicitly incorporated into the complaint by reference and/or "'a document submitted by the movant that was not attached to or expressly incorporated in the complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity.'"  *Gray-Koyier v. Gladding Chevrolet, Inc.*, No. RDB-17-1409, 2017 WL 4883144, *2 (D. Md. Oct. 30, 2017).  "A document is 'integral' when 'its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'"  *Id.* at *5-6 (quoting *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011)).  "Considering such documents does not convert a motion to dismiss to one for summary judgment."  *Id.* (citing *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015)).

[2]   *See supra* n. 1.

[3]   *Id.*

No. RDB-18-2706, 2019 WL 5696841, at *2 (D. Md. Nov. 4, 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (internal citations omitted)). Motions raising the issue of a party's failure to exhaust administrative remedies, including the EEOC's early termination of its investigation, are properly addressed under Rule 12(b)(6). *See, e.g.*, *Hardy v. Lewis Gale Medical Ctr.*, 377 F. Supp. 3d 596, 606 n. 3 (W.D. Va. 2019).

**III.   ARGUMENT**

Dismissal is warranted because the Notice of Right to Sue, issued to Plaintiff just two days after Plaintiff filed her Charge with the EEOC, is premature and inconsistent with the relevant statutory authority,[4] including statutory provisions 42 U.S.C. §§ 2000e-5(f)(1) and 2000e-5(b). Section 2000e-5(b) provides:

> Whenever a charge is filed by or on behalf of a person claiming to be aggrieved . . . the Commission shall serve a notice of the charge . . . on the employer . . . within ten days, and shall make an investigation thereof. . . . If the Commission determines after such investigation that there is not reasonable cause to believe that the charge is true, it shall dismiss the charge and promptly notify the person claiming to be aggrieved and the respondent of this action.

Section 2000e-5(f)(1) provides:

> If a charge filed with the Commission pursuant to subsection (b) is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge . . . the Commission has not filed a civil action under this section . . . or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge[.]

Here, it is undisputed that the EEOC neither dismissed Plaintiff's Charge in accordance with Section 2000e-5(b) nor waited 180-days to notify Plaintiff of her right to bring a civil action in

---

[4] Under both Title VII and the ADA, exhaustion requirements and filing procedures are identical. *Snead v. Bd. of Educ. of Prince George's Cnty.*, 815 F. Supp. 2d 889, 894 (D. Md. 2011).

3

federal court. Exs. 1 and 3. Rather, the EEOC issued the Notice of Right to Sue, a mere two days after the Charge was filed, stating that it was "terminating its processing" of the Charge based on its determination that it was "unlikely that the EEOC will be able to complete its administrative processing within 180 days" from the filing of the Charge. *Id.* The EEOC's apparent authority to do this stems from 29 CFR § 1601.28(a)(2), which provides:

> When a person claiming to be aggrieved requests, in writing, that a notice of right to sue be issued, . . . the Commission may issue such notice as described in § 1601.28(e) with copies to all parties, at any time prior to the expiration of 180 days from the filing of the charge[.]

§ 1601.28(a)(2). Congress delegated to the EEOC the authority to promulgate regulations to implement Title VII. *See, e.g., Hardy*, 377 F. Supp. 3d at 607. As discussed in further detail below, however, this regulation is inconsistent with the governing statute and thus, invalid.

Courts have found that this early right-to-sue-regulation violates the "180 day waiting period for private suits established by section 2000e-5(f)(1)." *Hardy*, 377 F. Supp. 3d at 607; *see e.g., Martini*, 178 F. 3d at 1347 (holding that Title VII complainants must wait 180 days after filing charges with the EEOC before they may sue in federal court and stating that "the EEOC's power to authorize private suits within 180 days undermines its express statutory duty to investigate every charge filed, as well as Congress's unambiguous policy of encouraging informal resolution of charges up to the 180th day."); *Stidhum v. Hillside Auto Ave., LLC*, No. 19-CV-5458, 2021 WL 2634915, at *4 (E.D.N.Y. June 25, 2021) (holding that the statutory language makes clear that Congress intended the EEOC to authorize suits after dismissing a charge or after 180 days have passed); *Taylor v. Cardiology Clinic, Inc.*, No. 4:14-CV-00046, 2015 WL 770439, *4 (W.D. Va. Feb. 24, 2015) (dismissing the complaint without prejudice and holding that "the EEOC has an obligation to attempt to resolve Plaintiff's complaints for the 180 days mandated by statute.").

4

The validity of 29 CFR § 1601.28(a)(2) has yet to be addressed by the Fourth Circuit.[5] In analyzing whether an agency's regulation conflicts with the language of its delegating statute, courts typically apply the two-step analytical framework set forth in *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). *See Hardy*, 377 F. Supp. 3d at 607 (quoting *Sierra Club v. U.S. Army Corps of Eng'rs*, 909 F.3d 635, 643 (4th Cir. 2018)).[6] Applying the two-step *Chevron* analysis, courts first "'look[ ] to the 'plain meaning' of the statute to determine if the regulation responds to it'" *Hardy*, 377 F. Supp. 3d at 607 (quoting *King v. Burwell*, 759 F.3d 358, 367 (4th Cir. 2014)). "If 'Congress has directly spoken to the precise question at issue' and 'the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.'" *Id.* at 607-08 (quoting *Chevron*, 467 U.S. at 842-43).[7] "If the statute is ambiguous, courts then defer to the agency's interpretation so long as it is based on a permissible construction of the statute." *Id.* at 608 (quoting *Chevron*, 467 U.S. at 843).

---

[5]  A handful of Circuits have had the opportunity to address this issue, which has resulted in a Circuit split. *Compare Martini*, *supra* 178 F.3d 1336 (D.C. Cir. 1999) *with Walker v. United Parcel Serv.*, 240 F.3d 1268, 1275 (10th Cir. 2001); *Sims v. Trus Joist MacMillan*, 22 F.3d 1059, 1063 (11th Cir. 1994); and *Brown v. Puget Sound Elec. Apprenticeship & Training Tr.*, 732 F.2d 726, 729 (9th Cir. 1984).

[6]  Neither the Ninth Circuit in *Brown* nor the Eleventh Circuit in *Sims* engaged in a *Chevron* analysis. *See Hardy*, 377 F. Supp. 3d at 608-609.

[7]  At least one court has recently held that the § 2000e-5(f)(1) "unambiguously prescribed the type of notice that is a precondition to a Title VII suit" and therefore, a *Chevron* analysis was not required. *See Stidhum*, 2021 WL 2634915, at *3 (holding that the section 2000e-5(f)(1) directed the EEOC to give notice to a plaintiff when a charge is dismissed or when 180 days have passed without certain agency actions and that deference had not role to play).

Sections 2000e-5(f)(1) and 2000e-5(b) must be reviewed to determine whether the agency's organic statute is ambiguous.[8] Section 2000e-5(b) mandates that the EEOC "shall make an investigation" of a charge. Thus, this section unambiguously directs the EEOC to investigate. *See Hardy*, 377 F. Supp. 3d at 608 (citing *Sierra Club*, 909 F.3d at 645 ("'Shall' is an unambiguously mandatory term . . .")); *Martini*, 178 F.3d at 1346. "Section 2000e-5(f)(1) provides the EEOC with two options when it has investigated a charge but not reached a conciliation agreement or decided to sue; it may either dismiss the charge, or, after 180 days, it must notify the person aggrieved so he or she may initiate a lawsuit." *Hardy*, 377 F. Supp. 3d at 608. Thus, when § 2000e-5(f)(1) and § 2000e-5(b) are read in conjunction, the EEOC has "only four ways to dispose of a charge while fulfilling its statutory duty to investigate it: conciliation, suit, dismissal, or inaction for 180 days." *Id*. Further, the reading of both operative sections makes "clear that Congress intended for the EEOC to have control over charges of discrimination for 180 days and that a cause of action based on those charges may not be brought before expiration of that time." *Id.* Accordingly, the delegating statute is unambiguous.

Despite this unambiguous statutory language, "the EEOC's regulation at issue adds a fifth option, allowing it to issue a notice of right to sue earlier than 180 days, upon a determination that it will be unable to complete the charge's processing within the period." *Id.* Such alteration to the statutory framework, which is unambiguous, is beyond the EEOC's rule-making authority. *Id.* To hold otherwise would "permit the EEOC to forgo its statutory duty to investigate" and, and as in the instant matter, "allows for situations in which the EEOC never begins an investigation, instead, issuing a right to sue notice at the aggrieved person's request, sometimes only days after the charge

---

[8] Neither the Ninth nor Eleventh Circuit analyzed § 2000e-5(b) in conjunction with § 2000e-5(f)(1). *See Martini*, 178 F.3d at 1348.

is filed." *Id.* at 610; *see also Martini*, 178 F.3d at 1347 ("Allowing private suits within 180 days eases the pressure on the EEOC to resolve charges informally, thus defeating the explicit congressional policy favoring EEOC-facilitated resolution up to the 180th day."). Therefore, to permit this lawsuit to proceed would be a direct contradiction of the statutory language requiring the EEOC to investigate charges. *Hardy*, 377 F. Supp. 3d at 610 ("The key question is whether the EEOC makes some sort of investigation as required by the statute."). Here, it is undeniable that the EEOC did not investigate this Charge.

In addition to applying the *Chevron* analysis, the *Martini* case also explicated the legislative history demonstrating that Congress decided to adopt a 180-day period instead of a 150-day period, which indicated Congress's "belief that informal resolution of charges, even as late as the 180th day, would be preferable to allowing complainants to sue earlier." *Martini*, 178 F.3d at 1347. Further, the legislative history supports that the 180-day provision was intended to prohibit early suits. *Id.* Such interpretation is also consistent with the purpose of administrative exhaustion, "to notify the employer of the alleged discrimination and give it 'a[n] initial opportunity to voluntarily and independently investigate and resolve the alleged discriminatory actions.'" *Byington v. NBRS Fin. Bank*, 903 F. Supp. 2d 342, 348-49 (D. Md. 2012) (quoting *Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005)). Here, Defendant was provided notice of the Charge on December 22, 2021, just two days after the Charge was filed, and on the same date that the EEOC issued the Notice of Right to Sue. Exs. 2 and 3. The EEOC's two-day dismissal denied UMMC the opportunity to participate in the administrative process, including independently investigating alleged discrimination and potentially resolving it. By disposing of this Charge with the agency-created "fifth option" of premature dismissal, the EEOC thus frustrated Congressional intent to facilitate informal resolution of charges.

Put simply, the relevant statutory sections, which expressly require the EEOC to investigate every charge, cannot be reconciled with the EEOC regulation that permits the EEOC to authorize suit days after the charge is filed. *See Martini*, 178 F.3d at 1347 (holding that Title VII complainants must wait 180 days after filing charges with the EEOC before they may sue in federal court).[9] Based on the foregoing, the EEOC regulation is unlawful and should be disregarded in favor of the statutory framework set forth in § 2000e-5(f)(1).

IV.   **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that this Court dismiss the Complaint, without prejudice, and remand the matter to the EEOC for further administrative processing.

Date: May 2, 2022

Respectfully submitted,

_____/s/_____
Teresa D. Teare (Bar No. 28055)
Veronica Yu Welsh (Bar No. 10024)
SHAWE ROSENTHAL LLP
One South Street, Suite 1800
Baltimore, Maryland 21202
Telephone: (410) 752-1040
Facsimile: (410) 752-8861
tdt@shawe.com
vyw@shawe.com

*Attorneys for Defendant University of Maryland Medical Center*

---

[9]   *Martini*, 178 F.3d at 1348 (distinguishing *Sims* and *Brown* since "those courts did not read section 2000e-5(f)(1) in light of section 2000e-5(b), nor did they consider the legislative history that we discovered.").